20-897-cv
*Hassan v. Town of Brookhaven*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
            MICHAEL H. PARK,
                    *Circuit Judges.*

---

JOHN HASSAN,

                    *Plaintiff-Appellant,*                          20-897-cv

            v.

TOWN OF BROOKHAVEN,

                    *Defendant-Appellee,*

---

FOR APPELLANT:               JOHN HASSAN, *Pro Se*, Center Moriches, NY.

FOR APPELLEE:                KENNETH J. LAURI, Assistant Town Attorney, *for* Annette Eaderesto, Town Attorney, Brookhaven, NY.

1

Appeal from a March 3, 2020 order of the United States District Court for the Eastern District of New York (Steven I. Locke, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant John Hassan ("Hassan"), who is proceeding *pro se*, brought this matter against Defendant-Appellee Town of Brookhaven (the "Town"), principally challenging the Town's enforcement of its Anti-Littering Law against him as well as the Town's requirement that he submit to a home inspection to qualify for Meals on Wheels.[2] On March 3, 2020, the U.S. District Court for the Eastern District of New York (Steven I. Locke, *Magistrate Judge*) granted the Town's motion for summary judgment, and judgement entered on March 4, 2020. Hassan timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party."[3] "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[4] We "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest,"[5] and afford these litigants "some latitude in meeting the rules governing litigation."[6] But "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion."[7]

---

[1] The parties agreed to submit this matter to Magistrate Judge Locke pursuant to 28 U.S.C. § 636(c), which permits the parties to a "civil matter" to consent to the plenary authority of a magistrate judge and thus permits the magistrate judge to enter final, directly appealable orders. *See* 28 U.S.C. § 636(c)(1), (3); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 91–92 (2d Cir. 1995).

[2] Magistrate Judge Locke liberally construed Hassan's Second Amended Complaint as alleging claims under the Equal Protection Clause and the Fourth Amendment, as well as a defamation claim.

[3] *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013).

[4] *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting FED. R. CIV. P. 56(a)); *see also Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) ("A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiff[ ] bear[s] the burden of proof." (alterations and internal quotation marks omitted)).

[5] *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

[6] *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citations omitted).

[7] *Davis v. New York,* 316 F.3d 93, 100 (2d Cir. 2002).

Upon *de novo* review of the record on appeal and upon consideration of the arguments advanced by the parties, for substantially the reasons set forth in the District Court's opinion, we conclude that Hassan did not adduce evidence creating factual disputes that would preclude summary judgment.[8] Accordingly, because Hassan did not come forward with specific facts showing that there were genuine issues for trial in connection with his claims, the District Court did not err in concluding that the Town was entitled to summary judgment as a matter of law.

**CONCLUSION**

We have reviewed the arguments raised by Hassan on appeal and find all of them to be without merit.[9] Accordingly, we **AFFIRM** the March 3, 2020 order of the District Court granting summary judgment to the Town.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[8] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (explaining that once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." (internal quotation marks and citation omitted)).

[9] Insofar as Hassan advances additional arguments raised for the first time on appeal, we decline to address them. *Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)).